**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:12-CR-326** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **DARNELL LAMONT DOSS,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

The court sentenced defendant Darnell Lamont Doss ("Doss") to 151 months' imprisonment for drug trafficking. (Doc. 99). Presently before the court is Doss's *pro se* motion (Doc. 108) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doss asserts that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The motion will be denied.

**I.    Factual Background & Procedural History**

On December 19, 2012, a grand jury returned an indictment charging Doss with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); possession of cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a); and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a). (Doc. 1). Doss initially pled not guilty. (Doc. 9). On January 15, 2013, the court appointed attorney John F. Yaninek ("Attorney Yaninek") to represent Doss. (Doc. 12).

The grand jury returned a superseding indictment on February 26, 2014, adding a second count of possession with intent to distribute cocaine base. (Doc.

35).  Doss pled not guilty to all five counts.  (Doc. 43).  During arraignment proceedings, Doss maintained that the court lacked jurisdiction over his natural body.  (Doc. 75 at 5:15-5:18).

On October 23, 2014, Doss executed a written plea agreement wherein he agreed to plead guilty to one count of possession with intent to distribute cocaine base.  (Doc. 78).  Doss acquiesced that he fully understood and voluntarily agreed to the plea agreement.  (Id. at 24).  Pursuant to the plea agreement, Doss waived any right to challenge his conviction and sentence via direct appeal.  (Id. at 21).  The agreement did not include a waiver of Doss's right to a collateral attack under 28 U.S.C. § 2255.  (Id.)  The court explained the appellate waiver provision to Doss at his plea hearing, whereupon Doss reaffirmed his consent to this provision as well as the entirety of the written plea agreement.  (Doc. 119 at 14:9-15:25).

On December 16, 2014, the court denied Doss's motion seeking to discharge counsel and to continue pro se.  (Docs. 85-86).  The court based its decision on a finding that Doss was unable to adequately represent himself.  (Doc. 86).  Attorney Yaninek continued to represent Doss throughout sentencing.  (See Doc. 99).  The presentence report determined that Doss was a career offender, resulting in a Sentencing Guidelines range of 151 to 188 months' imprisonment.  (Doc. 89).  On March 13, 2015, Attorney Yaninek filed a detailed sentencing memorandum on Doss's behalf.  (Doc. 96).  Therein, he sought a downward variance from the career offender Guidelines.  (Id. at 12).

On March 17, 2015, the court held a sentencing hearing and provided Doss the opportunity of allocution.  (Doc. 120 at 9:11-13:16).  The court declined to vary

from the career offender range, citing Doss's consistent and pervasive history of violent and drug-related offenses. (Id. at 20:22-21:5). Before the conclusion of the hearing, Attorney Yaninek informed the court that he had advised Doss it would be against his interests to file a direct appeal due to the appellate waiver and Third Circuit case law. (Id. at 25:22-26:8). The court sentenced Doss to 151 months' imprisonment. (Doc. 99).

On March 22, 2016, Doss filed the instant motion (Doc. 108) to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is fully briefed and ripe for disposition.[1]

## II. **Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under § 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a); see also R. GOVERNING § 2255 CASES 1(a). The statute

---

[1] On May 26, 2016, the court issued an order granting Doss's requests (Docs. 108, 117) for a copy of his plea agreement and the transcripts of his guilty plea and sentencing proceedings. On June 23, 2016, Doss filed a motion (Doc. 121) seeking court appointment of counsel, the transcript from an *ex parte* hearing convened on June 9, 2014, and a second copy of his entire case file from Attorney Yaninek. The court denied those requests and found that Doss could adequately represent himself, the transcript from the *ex parte* hearing was not within the scope of Doss's § 2255 motion, and the request for the case file should have been addressed to Attorney Yaninek. (Doc. 122 at 1-2). On July 28, 2016, Doss filed a request (Doc. 124) for reconsideration and clarification of the court's order denying Doss's motion. The court has provided Doss with sufficient resources to prepare legal and factual arguments supporting his § 2255 motion. The court is prepared to rule on Doss's instant motion based on the current record. Accordingly, the court will deny Doss's request (Doc. 124) for reconsideration.

provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a § 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on this claim, a petitioner must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and (2) that the deficient representation was prejudicial. See id. at 687-88. Conclusory allegations are insufficient to entitle a petitioner to relief under § 2255. See Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness in accordance with the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the

4

properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). Counsel will not be deemed ineffective for failing to raise a meritless claim. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. The district court need not conduct its analysis of the two prongs in a particular order or address both prongs of the inquiry if a defendant makes an insufficient showing in one. See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

**III.   Discussion**

Doss contends that Attorney Yaninek provided ineffective counsel by failing to: (1) file a notice of direct appeal; (2) abide by Doss's requests pertaining to the sentencing memorandum; (3) seek a continuance of sentencing; and (4) raise certain issues at the sentencing hearing. (Doc. 108). The court will address Doss's claims *seriatim*.

**A.      Failure to File Notice of Appeal**

When a defendant has raised an ineffective assistance claim based upon counsel's failure to file an appeal, the court must typically conduct a particularized Strickland analysis in accordance with Roe v. Flores-Ortega, 528 U.S. 470 (2000). See Harrington v. Gillis, 456 F.3d 118, 125 (3d Cir. 2006). In Flores-Ortega, the Supreme Court held that defense counsel must consult with their client about an appeal in situations where a rational defendant would want to appeal or where the

defendant actually expressed interest in appealing.  Flores-Ortega, 528 U.S. at 480.
The Court defined "consult" as "advising the defendant about the advantages and
disadvantages of taking an appeal, and making a reasonable effort to discover the
defendant's wishes."  Id. at 478.

The first step in the Flores-Ortega analysis is to determine whether counsel
consulted with his client about an appeal.  Harrington, 456 F.3d at 125.  When
counsel consults with the defendant, failure to follow the defendant's express
instructions to file an appeal is professionally unreasonable and satisfies the first
Strickland prong.  See id. (quoting Flores-Ortega, 528 U.S. at 478).  When counsel
does not consult with the defendant, representation will be deemed deficient if a
rational defendant would want to appeal or if the defendant actually expressed
interest in appealing.  Flores-Ortega, 528 U.S. at 480.

To satisfy the second Strickland prong, a defendant must show a reasonable
probability that "but for counsel's deficient failure to consult with him about an
appeal, he would have timely appealed."  Id. at 484.  Factors relevant to this inquiry
include whether the defendant pled guilty, whether he received a bargained-for
sentence, and whether he waived some appellate rights.  Id. at 480.  Failure to
appeal despite the defendant's express instructions to do so is presumptively
prejudicial under Flores-Ortega.  Id. at 484.

Notwithstanding these *general* principles, the Third Circuit Court of Appeals
has recognized that criminal defendants may waive appellate rights in the *specific*
circumstances of a *knowing* and *voluntary* waiver.  United States v. Mabry, 536 F.3d
231, 236 (3d Cir. 2008).  Accordingly, the usual analysis for reviewing an ineffective

assistance of counsel claim does not apply in the context of an appellate waiver. Id. at 241. There is no presumption of prejudice under the second Strickland prong if counsel fails to consult with a client regarding an appeal when the client knowingly and voluntarily executed an appellate waiver as part of his plea agreement, so long as enforcement of the waiver would not result in a miscarriage of justice. See Mabry, 536 F.3d at 236-38.[2]

Some courts approach failure to file an appeal—despite a defendant's waiver of appellate rights—by immediately engaging in a Flores-Ortega presumption of prejudice analysis. See, e.g., Campusano v. United States, 442 F.3d 770, 773 (2d Cir. 2006). The Third Circuit, however, has rejected this authority because Flores-Ortega did not concern an appellate waiver. Mabry, 536 F.3d at 240. The Mabry court concluded that "there is no reason to presume prejudice amounting to a miscarriage of justice in such a situation where the attorney's filing of an appeal

---

[2] A defendant who files an appeal despite a clear appellate waiver may be in breach of the plea agreement and subject himself to resentencing. See United States v. Erwin, 765 F.3d 219, 231-32 (3d Cir. 2014). The majority of circuit courts are in accord. See, e.g., United States v. Salmona, 810 F.3d 806, 811 (11th Cir. 2016); United States v. Cimino, 381 F.3d 124, 128 (2d Cir. 2004); United States v. Kelly, 337 F.3d 897, 901 (7th Cir. 2003); United States v. Sandoval-Lopez, 122 F.3d 797, 800 (9th Cir. 1997); United States v. Ballis, 28 F.3d 1399, 1409 (5th Cir. 1994); United States v. West, 2 F.3d 66, 69 (4th Cir. 1993); United States v. Gonzalez-Sanchez, 825 F.2d 572, 578 (1st Cir. 1987); United States v. Calabrese, 645 F.2d 1379, 1390 (10th Cir. 1981).

would constitute a violation of the plea agreement." Id. at 240-41.[3] In other words, counsel's duty to his client changes when the right to appeal is waived. Id. at 242.

Recent cases from within the Third Circuit are instructive. In United States v. Melendez, No. 1:14-CR-266-04, 2017 WL 131700 (M.D. Pa. Jan. 13, 2017), the court confronted the identical issue of whether counsel was ineffective for failing to file a notice of appeal when the defendant waived his right to direct appeal. Id. at *1. The court focused on validity of the plea agreement and held that, because the defendant's waiver was knowing and voluntary, he did not receive ineffective assistance of counsel. Id. at *4-5. Similarly, in United States v. Isabella, No. 13-175, 2015 WL 6134082 (W.D. Pa. Oct. 16, 2015), the defendant alleged that counsel failed to consult him about an appeal. Id. at *4-5. Unlike the instant case, the defendant did not explicitly ask his attorney to file an appeal on his behalf. Id. at *12. The court decided that given the valid appellate waiver, the defendant failed to establish prejudice. Id. at *13. The court also opined that had counsel filed an appeal, the defendant would have been in breach of the plea agreement and subject to de novo resentencing. Id. at *13 (citing Erwin, 765 F.3d 219).

The courts in Melendez and Isabella rejected a presumption of prejudice analysis. See Melendez, 2017 WL 131700 at *3-4; Isabella, 2015 WL 6134082 at *11.

---

[3] The court in Mabry approached this issue in light of a collateral appellate waiver. See id. at 242. However, the court's reasoning and analysis apply equally to direct waivers, and we discern no reason to treat the two differently. The court stated that "where there is a total appellate and collateral waiver, 'counsel's duty to protect his or her client's interest militates against filing an appeal' which could cost the client the benefit of the plea bargain against his or her best interest." Id. at 240 (quoting Nunez v. United States, 495 F.3d 544, 548 (7th Cir. 2007)). The court's holding supports that counsel's duty to his client weighs against filing an appeal when the defendant waives his right to direct appeal.

Both courts recognized that the policy considerations undergirding the <u>Flores-Ortega</u> presumption are not implicated when the defendant has waived his right to appeal. <u>See</u> <u>Melendez</u>, 2017 WL 131700 at *3-4; <u>Isabella</u>, 2015 WL 6134082 at *11. Instead, the courts applied the familiar two-step analysis in <u>Mabry</u> for testing the validity of appellate waivers. <u>See</u> <u>Melendez</u>, 2017 WL 131700 at *4-5; <u>Isabella</u>, 2015 WL 6134082 at *11-12. The court agrees with the approach and *ratio decidendi* of these cases. We will thus test Doss's waiver against the <u>Mabry</u> framework, to wit: whether the waiver is knowing and voluntary, and whether enforcement of the waiver effects a miscarriage of justice. <u>See</u> <u>Mabry</u>, 536 F.3d at 237; <u>see</u> <u>also</u> <u>United States v. Khattak</u>, 273 F.3d 557, 562-63 (3d Cir. 2001).

## 1.  *Knowing and Voluntary*

The record is replete with evidence that Doss knowingly and voluntarily waived his right to direct appeal. The court first turns to the written plea agreement. <u>See</u> <u>United States v. Gwinnett</u>, 483 F.3d 200, 203-04 (3d Cir. 2007). Paragraph 25 of Doss's guilty plea agreement states:

> <u>Appeal Waiver – Direct</u>. The defendant is aware that Title 18, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, provided that the sentence is below or within the guideline range determined by the Court. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which the sentence was determined in light of United States v. Booker, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only

> upon the defendant and that the United States retains its
> right to appeal in this case.

(Doc. 78 at 21). The language of the written plea agreement is straightforward. The

waiver, broad in scope, expressly states that Doss waives his right to appeal his

conviction and sentence on any grounds, constitutional or statutory. Indeed, the

plea agreement clearly delineates Doss's waiver of the right to challenge his

conviction and sentence via a direct appeal, the exact right that forms the basis for

his collateral attack. Doss signed the agreement, acknowledging that he fully

understood and voluntarily agreed to it. (Id. at 24).

   The transcript of Doss's guilty plea proceeding further confirms that his

waiver was knowing and voluntary. The court specifically addressed the appellate

waiver with Doss:

> Q:  Okay. Now, ordinarily you would have the right of
> a direct appeal to challenge your conviction or
> sentence. Mr. Terz mentioned this. But if you
> would please turn to page 21 of your plea
> agreement, specifically paragraph 25, I would like
> to review this paragraph with you specifically. This
> is a direct appeal only. You still have the right to
> bring a collateral challenge, but what this
> paragraph states is that, "The defendant is aware
> that Title 18, United States Code, Section 1291
> affords a defendant the right to appeal a judgment
> of conviction and sentence; and that Title 18,
> United States Code, Section 3742(a) affords a
> defendant the right to appeal the sentence
> imposed. Acknowledging all of this, the defendant
> knowingly waives the right to appeal the conviction
> and sentence, provided that the sentence is below
> or within the guideline range determined by the
> Court. This waiver includes any and all possible
> grounds for appeal," and then it gives certain
> examples. The last sentence reads, "The defendant
> further acknowledges that this appeal waiver is

binding only upon the defendant and that the United States retains its right to appeal in this case." So you're waiving your right of direct appeal to the conviction and sentence, provided that the sentence is within the guideline range or below the guideline range. You're not waiving anything if for some reason that sentence is above the guideline range. Do you understand that?

A:     Yes.

Q:     Do you have any questions of the court regarding the nature or the scope of this appeal waiver?

A:     No.

Q:     All right. With all of the information that we have reviewed so far this afternoon is it still your desire to plead guilty?

A:     Yes.

Q:     And are you pleading guilty to Count 2 of the superseding indictment because you are in fact guilty as charged in that count?

A:     Yes.

Q:     Do you have any questions of the court regarding anything that appears in your plea agreement or anything that we have covered so far?

A:     No.

(Doc. 119 at 14:9-15:25).

The court finds that Doss's waiver was knowing and voluntary. Doss reviewed and signed the plea agreement, and the court specifically addressed the waiver provision with him.

### 2.    *Miscarriage of Justice*

The Third Circuit has developed a non-exhaustive list of factors for determining whether a miscarriage of justice might occur. See Mabry, 536 F.3d at 243-44. Those factors are the existence of error, the severity and character of error, the effect of error on the defendant, the effect of rectifying error on the government, and the degree to which the defendant assented to error. Id. (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). After review of the record, the court finds no unusual circumstances amounting to a miscarriage of justice.

Doss has not challenged the validity of his guilty plea, his plea agreement, or his direct appellate waiver. The bases for each of his claims in this collateral appeal pertain to his sentencing. Specifically, he avers that he asked Attorney Yaninek to file a direct appeal immediately after the sentencing hearing. (See Doc. 108 at 20). Doss further claims that the court told him he could file an appeal within fourteen days after sentencing if he "did not like something or felt something was unfair." (Id.) The record reveals that the court advised Doss as follows:

> Mr. Doss, you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. However, a defendant may waive those rights as part of a plea agreement and you have entered such a plea agreement. These waivers, these appellate waivers are generally enforceable, but if you believe your waiver is unenforceable you may present that theory to the appellate court. With few exceptions any notice of appeal must be filed within fourteen days after sentence is imposed on you.

(Doc. 120 at 24:12-24:25).  The court's explanation of Doss's appellate rights not only reiterated the validity of his direct appeal waiver, but also instructed Doss that he could challenge the validity of his waiver.  Doss has not made that argument.

Doss waived his right to a direct appeal "provided that the sentence is below or within the guideline range."  (Doc. 78 at 21).  Doss received a sentence of 151 months' imprisonment, the minimum sentence within the applicable range.  (Doc. 99).  He "received the sentence bargained for as part of the plea," and he "expressly . . . waived some or all appeal rights" as part of that plea.  Flores-Ortega, 528 U.S. at 480.  Doss has not alleged ineffective assistance of counsel in negotiating his plea agreement or that he was misled into entering it.  Doss knowingly and voluntarily agreed to the plea agreement and direct appeal waiver.  In return, the government dismissed most of the charges against him.  Enforcing Doss's waiver will not result in a miscarriage of justice.

The express waiver of Doss's direct appeal rights is valid and enforceable.  Accordingly, Doss did not receive ineffective assistance of counsel when Attorney Yaninek declined to file a notice of appeal on Doss's behalf.  In consideration of controlling Third Circuit law which provides that a breach of a plea agreement may expose the defendant to sentencing *de novo*, Attorney Yaninek acted well within the wide range of reasonable professional assistance.  See Erwin, 765 F.3d at 231-32; Gray, 878 F.2d at 710; see also Mabry, 536 F.3d at 242 n.14 (quoting Strickland, 466 U.S. at 690).

## B.    Remaining Issues

Doss's remaining claims pertain to Attorney Yaninek's representation at sentencing. Doss avers that Attorney Yaninek provided ineffective assistance of counsel for the following: (1) not complying with Doss's instructions regarding the sentencing memorandum; (2) not seeking a continuance of the sentencing hearing; and (3) not raising certain issues at the sentencing hearing. (Doc. 108). These claims fall well short of the Strickland standard.

On March 13, 2015, Attorney Yaninek filed a sentencing memorandum containing several arguments in support of a downward variance from the career offender Guidelines.[4] (Doc. 96). Sentencing proceedings took place on March 17, 2015, and the court commended Attorney Yaninek for his arguments and advocacy. (Doc. 120 at 4:4-4:9). Doss gave a detailed statement depicting the conditions of his pretrial confinement at Dauphin County Prison. (Id. at 5:20-8:16). The court then afforded Doss the opportunity of allocution and to present "anything" he would like on his own behalf. (Id. at 9:11-9:18). Doss offered a lengthy statement of allocution. (Id. at 9:19-13:16). The court found Doss's allocution "impress[ive]," but denied a downward variance based on the volume and nature of Doss's past offenses. (Id. at 17:7-17:9, 22:15-22:18). The court also found it likely that Doss would recidivate given that the conviction *sub judice* represents his twenty-seventh criminal

---

[4] The sentencing memorandum presents two character reference letters, a detailed argument that the career offender sentence is too harsh, an argument that Doss is not a drug kingpin, a description of Doss's upbringing without a father, a mention of Doss's rehabilitative potential, and a discussion of the conditions Doss endured at Dauphin County Prison. (Doc. 96 at 2-12).

14

conviction. (Id. at 22:3-22:14). Nothing in the record indicates that Attorney Yaninek's performance at sentencing was deficient.

Assuming *arguendo* that Attorney Yaninek's performance fell below the Strickland standard, Doss fails to articulate prejudice. Doss presents no cognizable issues or concerns that he would have raised had Attorney Yaninek met with him before filing the sentencing memorandum. (See Doc. 108 at 5, 13). Doss merely makes bald allegations of prejudice. (See id. at 5-8, 13-14). In sum, Doss fails to identify any arguments which should have been made or demonstrate how the outcome of the sentencing proceeding would have been different. See Strickland, 466 U.S. at 694. Consequently, Doss has not met the prejudice prong of Strickland. The court rejects these additional claims for relief.

## IV. Conclusion

The court will deny Doss's motion (Doc. 108) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     May 3, 2017